UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 10-cr-20630

v                                                Honorable Thomas L. Ludington

CLEMENT FRANKLIN FULLER III,

        Defendant.

_____/

**<u>ORDER DENYING MOTION FOR CLARIFICATION OF JUDGMENT</u>**

On November 17, 2011, Defendant Clement Fuller III, pleaded guilty to possession of a stolen firearm, 18 U.S.C. § 922(j).  Plea Agreement 1, ECF No. 35.  On March 19, 2012, this Court sentenced Fuller to 100 months' imprisonment, "to run concurrent to the state court sentence."  J. 2, ECF No. 45.

About ten days after judgment was entered, on March 29, 2012, Fuller was scheduled for a sentence computation with the Bureau of Prisons.  Fuller argues that, at the sentence computation, the Bureau of Prisons erred in not crediting his time in state jail towards his federal sentence.  Specifically, Fuller contends that he should receive credit from the date the federal indictment was filed, November 4, 2014, until the date of judgment, March 19, 2012.  Thus, Fuller believes he is entitled to a 16-month, 20-day credit.

Accordingly, on December 4, 2014, Fuller filed a motion to clarify the judgment in his federal criminal case.  ECF No. 46.  In his motion, he "requests clarification be made to U.S.F.B.O.P. by this court stating that he was given a concurrent sentence and he was given

credit for the 16 months and 20 days." *Id*. at 1.  This Court cannot, however, grant Fuller the relief he seeks.

After a defendant has been sentenced, the Attorney General of the United States, through the Bureau of Prisons, bears the responsibility for administering the sentence.  *See* 18 U.S.C. § 3621(a).  To satisfy this obligation, the Bureau of Prisons must know how much of the sentence the defendant actually has left to serve.  Because the defendant may have a right to certain credits against his sentence, and because district court cannot accurately determine at sentencing what, if any, credits may apply, the Attorney General must make the determination as an administrative matter at the time the defendant is remanded to federal custody for service of sentence.

The Bureau of Prisons has developed detailed procedures and guidelines for determining the credit available to prisoners in its care.  A prisoner seeking credit against his federal sentence must first be placed in federal custody for service of that sentence, at which time the Bureau of Prisons will calculate what credits the prisoner has earned against his sentence.  If the prisoner believes that the calculation made by the Bureau of Prisons is in error, he must then exhaust the administrative remedies provided for by federal regulation.  *See* 28 C.F.R. §§ 542.10-542.16 (1990).  Only then can the prisoner seek relief in a district court.  *United States v. Wilson*, 503 U.S. 329 (1992).  Here, Fuller has not represented that he has exhausted all his administrative remedies, and therefore his motion will be denied.

Accordingly, it is **ORDERED** that Fuller's Motion to Clarify Judgment (ECF No. 46) is **DENIED**.

                                                    s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: December 18, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Clement Franklin Fuller, III #45265-039 at Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808 U.S. mail on December 18, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS